107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph D. FONES, Defendant-Appellant.
 No. 95-2478.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 13, 1997.*
Decided Feb. 03, 1997.
 
 Before COFFEY, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Joseph Fones was convicted of conspiracy, wire fraud, possession of surreptitious interception devices and related offenses as a consequence of his participation in a scheme to convert legitimate satellite receivers into illegal descramblers. On appeal, we held that Fones had not exerted control over other conspirators such to support a three-level increase under Sentencing Guideline § 3B1.1(b), and thus we vacated his sentence and remanded for further sentencing proceedings. United States v. Fones, 51 F.3d 663 (7th Cir.1995). We left open, however, the possibility of an upward departure under Sentencing Guideline § 3B1.1, comment. (n. 2), which provides for an upward departure where the defendant "exercised management responsibility over the property, asserts, or activities of a criminal organization." Fones, 51 F.3d at 670. On remand, the district court made a three-level upward departure under § 3B1.1, comment. (n. 2), and Fones appealed.
 
 
 2
 In Fones, we stated, "the factors relied upon by the district court in finding an enhancement under § 3B1.1(b) to be appropriate could support an upward departure from the applicable guidelines range. Specifically, the district court's findings demonstrate that Fones had management responsibility over the assets, property and, to some extent, the activity of the criminal organization." Fones, 51 F.3d at 670. Further, we continued, "[a] decision to depart, unlike an adjustment under § 3B1.1(b), is within the absolute discretion of the district court. Moreover, if the district court chooses to depart, it has the discretion to determine the amount of increase in the defendant's sentence." Id. In light of our previous opinion and the facts of this case, we cannot hold that the district court was clearly erroneous in finding that Fones exercised responsibility sufficient to trigger an upward departure, or that it abused its discretion in making a three-level upward departure. As we have previously noted, the evidence does show that Fones exercised control over the property, assets and activities of the conspiracy, and the reasonableness of the district court's choice of three levels is supported by its belief that Fones was the "bedrock" of the conspiracy, as he alone possessed the technical knowledge to convert legitimate satellite receivers into illegal descramblers, and by its consideration of Fones' punishment in relation to the punishment of other conspiracy members.
 
 
 3
 Additionally, there is no indication that the district court improperly retaliated against Fones for availing himself of his right to a trial and an appeal. The language cited by the appellant (that Fones deserved greater punishment because if it were not for him, there would have been no trial, no guilty pleas by other defendants, and no sentencings), rather than showing retaliatory intent, is consistent with the trial court's view that without Fones' abilities and participation, there would have been no criminal scheme to prosecute.
 
 
 4
 AFFIRMED.
 
 
 
 *
 This successive appeal has been submitted to the same panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appellant's request for oral argument is denied and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)